UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:22-cv-03903-PA-KES            Date: June 22, 2022

Title: QUINCY JACKSON v. R.C. JOHNSON, et al.

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Maria Barr for Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    Order to Show Cause re Plaintiff's Request to Proceed *In Forma Pauperis* (Dkt. 5)

On June 7, 2022, Plaintiff Quincy Jackson ("Plaintiff"), a pro se inmate in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), filed a civil rights lawsuit under 42 U.S.C. § 1983. (Dkt. 1.) Plaintiff has also filed a Request to Proceed *In Forma Pauperis* ("IFP"). (Dkt. 5.)

The Prison Litigation Reform Act ("PLRA") requires all prisoners bringing civil cases or appeals in federal court to pay the full filing fee. See 28 U.S.C. § 1915(b)(1). If the prisoner is not able to pre-pay the fee, he may submit an affidavit including a statement of his assets, id. § 1915(a)(1), and seek leave to pay the fee over time, id. § 1915(b)(1), (2).

Plaintiff submitted his IFP application, as required, under penalty of perjury. The application indicates that he has no present source of income and no cash or money in a checking/savings account, including any funds in a prison account. (Dkt. 5.) The IFP application also notes the following in response to question two:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:22-cv-03903-PA-KES                                                                Date: June 22, 2022
                                                                                                             Page 2

    2. Have you received, *within the past twelve months*, any money from any of the following sources?

        a. Business, profession, or form of self-employment?   [ ] Yes  [X] No

        b. Rent payments, interest or dividends?   [ ] Yes  [X] No

        c. Pensions, annuities or life insurance payments?   [ ] Yes  [X] No

        d. Gifts or inheritances?   [ ] Yes  [X] No

        e. Any other income (other than listed above)?   [ ] Yes  [X] No

        f. Loans?   [ ] Yes  [X] No

(Id., emphasis original)

    Subsequent to filing Plaintiff's IFP application, the Court received a certified copy of his inmate trust account statement from the CDCR.  (Dkt. 6.)  The statement identifies Plaintiff by name and CDCR number, and lists his account activity, including debits and credits from December 1, 2021, to June 14, 2022.  The statement notes the following: Plaintiff's account has had a balance of as high as $1,070.87;  he has been receiving regular credits from "JPAY," a resource that allows friends and family to send prisoners money, ranging from $40 to $240 (totaling $480); Plaintiff has also been making regular purchases, noted as "SALES" on his account statement, that range from $50.70 to as high as $240 (totaling $1,279.87); he has also made two "GROUP TRANSFER OUT" debits of $71 and $72.50; his balance as of June 14, 2022, was $0.33.  (Id.)

    It is well settled that the decision to proceed IFP in civil cases is committed to the sound discretion of the district court.  See Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 217-18 (1993).  In exercising this discretion under § 1915(a), the district court must determine whether the burden of paying the fees for filing and service would either hamper the plaintiff's ability to obtain the necessities of life or force him to abandon the action.  Adkins v. E.I. Du Pont de Nemours & Co., 335 U.S. 331, 339-40 (1948).

    All litigants must make decisions about how to spend their money when they are contemplating litigation.  "If every inmate were permitted to simply spend funds in the canteen to avoid paying a filing fee, the *in forma pauperis* review would be a waste of time and effort."  Briand v. State of Fla., No. 4:06cv104-WS, 2006 WL 1890189, at *1 (N.D. Fla. July 10, 2006); see also Lumbert v. Illinois Dep't of Corr., 827 F.2d 257, 260

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:22-cv-03903-PA-KES　　　　　　　　　　　　　　　　　　　　　　　　Date: June 22, 2022
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 3

(7th Cir. 1987) ("If the inmate thinks a more worthwhile use of his funds would be to buy peanuts and candy ... than to file a civil rights suit, he has demonstrated an implied evaluation of the suit that the district court is entitled to honor.").

　　　The Second Circuit Court of Appeals denied a motion to proceed IFP on appeal and affirmed the denial of the motion to proceed IFP in the district court (and the dismissal of the case with prejudice) where the inmate omitted from his IFP application $2,509.10 in deposits to his inmate account. Vann v. Comm'r of N.Y. City Dep't of Correction, 496 F. App'x 113, 115-16 (2d Cir. 2012). The court observed that the inmate was an experienced litigator familiar with the IFP process and did not "credibly explain or correct his declarations when given an opportunity to do so." Id.

　　　District courts also deny IFP status under similar circumstances. See Waters v. King, No. 11 CIV. 3267 JMF, 2012 WL 1889144, at *1 (S.D.N.Y. May 24, 2012) ("Given the totality of the circumstances in this case-including, but not limited to, Waters's deliberate attempt to conceal funds to qualify for IFP status in the first instance [by failing to disclose that he had deposited [$600.00] settlement payment received three weeks before filing IFP into credit union account rather than inmate account] and his blatantly false statements to the Court when confronted with the omission-dismissal under Section 1915(e)(2)(A) is justified."); Vann v. Horn, No. 10 CV. 6777 PKC, 2011 WL 3501880, at *3-4 (S.D.N.Y. Aug. 9, 2011) (omission in application to proceed in forma pauperis of receipt of over $10,000.00 as a settlement payment and transfer of payment to relatives approximately three months prior to filing application constituted bad faith misrepresentation of assets and warranted dismissal of case with prejudice); Cuoco v. U.S. Bureau of Prisons, 328 F. Supp. 2d 463, 468 (S.D.N.Y. 2004) (dismissing action with prejudice because plaintiff "created an illusion of poverty through a series of deceptive acts"; she deliberately concealed her finances and available assets in her motion to proceed in forma pauperis by directing attorneys to send $13,500.00 in settlement payments to her mother and by prohibiting deposits to her prison account in order "to convey the impression that she could not pay the filing fee"); see also, Martin v. United States, 317 F. App'x 869, 870-71 (11th Cir. 2008) (affirming denial of in forma pauperis application where district court found that prisoner had received $1,818 in deposits in the preceding six months but "chose to spend those funds on matters other than this litigation").

　　　It appears that Plaintiff had sufficient funds to pay the filing fee in this case but chose to spend those funds on other things. This is not the proper use of the in forma pauperis statute. See Vann, 496 F. App'x 115 ("Section 1915(e)(2)(A) serves the purpose of preventing abuse of the judicial system by 'weed[ing] out the litigants who falsely understate their net worth in order to obtain in forma pauperis status when they are not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:22-cv-03903-PA-KES                                            Date: June 22, 2022
                                                                                                                                  Page 4

entitled to that status based on their true net worth.'") (quoting Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997) (per curiam)).

      It is also very troubling to the Court that Plaintiff did not report any of the deposits to his inmate trust account in the IFP application and swore under penalty of perjury in response to question two that he did not receive any money from any other source during the twelve months prior to filing this action. (Dkt. 2.) His inmate trust account statement shows that this statement is false.

      Plaintiff is hereby ordered to show cause why his IFP application should not be denied and why the Court should not sanction him for submitting false statements.

      Plaintiff can discharge this Order by doing one of the following **on or before July 21, 2022**:

1. Pay the full filing fee.

2. Submit an amended IFP application that truthfully answers each question, accompanied by an explanation of why he failed to identify any income in repose to question two of his initial IFP application. If Plaintiff elects this option, the Court will consider his explanation and may deny his IFP application or grant his IFP application but assess a partial initial filing fee.

      <u>**Plaintiff's failure to respond timely to this Order may result in denial of his IFP application and/or dismissal of the case for failure to prosecute and/or obey the Court's orders.**</u>

                                                                             Initials of Deputy Clerk <u>mba</u>