UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-3903 PA (KES) | Date | August 22, 2022 |
|---|---|---|---|
| Title | Quincy Jackson v. R.C. Johnson, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Kamilla Sali-Suleyman | None | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** In Chambers - Court Order

    Plaintiff Quincy Jackson ("Plaintiff"), a prisoner incarcerated at the California State Prison, Los Angeles County in Lancasterer, filed his pro se civil rights complaint in this Court on June 7, 2022. Plaintiff's Complaint was accompanied by a Request to Proceed Without Prepayment of Filing Fees ("IFP Application"). On June 22, 2022, the assigned United States Magistrate Judge issued an Order to Show Cause regarding Plaintiff's IFP Application. As explained in the Order to Show Cause, despite having answered "no" to the IFP Application's question concerning whether Plaintiff had received any gifts within the past 12 months, Plaintiff's inmate trust account indicated that Plaintiff's account had received $480 in "JPAY" credits that Plaintiff did not explain. Additionally, the inmate trust account also revealed that Plaintiff had a high balance of $1,070, and that Plaintiff had made over $1,200 in purchases from December 1, 2021, to June 14, 2022.

    In addition to citing case law establishing that those seeking a waiver of filing fees cannot obtain in forma pauperis status simply by choosing to spend their funds on expenses other than litigation, the Order to Show Cause provided Plaintiff with an opportunity to show cause why is IFP Application should not be denied, why the Court should not sanction him for submitting false statements, and allowed Plaintiff to submit an amended IFP Application that truthfully answers each question along with an explanation of why he failed to identify any income in response to the questions on his initial IFP Application. The Order to Show Cause warned Plaintiff that "failure to respond timely [by July 21, 2022] . . . may result in denial of his IFP application and/or dismissal of the case for failure to prosecute and/or obey the Court's orders." The Order to Show Cause alternatively allowed Plaintiff to pay the full filing fee by July 21, 2022. To date, and despite the expiration of his deadline to do so, Plaintiff has not filed any response to the June 22, 2022 Order to Show Cause. Nor has Plaintiff paid the full filing fee.

    The Court may dismiss with prejudice an action <u>sua sponte</u> if "the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." <u>See</u> Fed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-3903 PA (KES) | Date | August 22, 2022 |
|---|---|---|---|
| Title | Quincy Jackson v. R.C. Johnson, et al. | | |

R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629–30, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962) (dismissal for failure to prosecute); Yourish v. Cal. Amplifier, 191 F.3d 983, 987–88 (9th Cir. 1999) (dismissal for failure to comply with court order).  This inherent power supports the orderly and expeditious disposition of cases.  See Link, 370 U.S. at 629–30, 82 S. Ct. 1386, 8 L. Ed. 2d 734; Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Yourish, 191 F.3d at 987–88.

   In Henderson v. Duncan, the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions."  779 F.2d 1421, 1423 (9th Cir. 1986).  Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal."  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted) (citing Ferdik, 963 F.2d at 1263).  Cases involving sua sponte dismissal merit special focus on the fifth Henderson factor.  Id.

   Here, in assessing the first Henderson factor, the public's interest in expeditious resolution of litigation will be satisfied by a dismissal.  See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Yourish, 191 F.3d at 990 (public's interest in expeditious resolution of litigation always favors dismissal)).  Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissal.  See id.  The third Henderson factor of prejudice to the defendant is neutral, as continued pendency of a case alone is insufficient to find prejudice.  See Yourish, 191 F.3d at 991.

   In considering the fourth and fifth Henderson factors, the Court notes that Plaintiff was warned about the consequences of failing to respond by the date set in the Court's Order to Show Cause.  Nevertheless, Plaintiff has taken no action whatsoever.  It therefore appears that Plaintiff has abandoned his efforts to comply with this Court's orders and prosecute this action.  Additionally, the Court intends to dismiss the claims against Defendant without prejudice.  Accordingly, the fifth Henderson factor favors dismissal because the Court has adopted the "less-drastic" sanction of dismissal without prejudice.  See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) (district court should first consider less drastic alternatives to dismissal with prejudice).

   The Court finds that the Henderson factors weigh in favor of dismissing this action.  Accordingly, the Court dismisses Plaintiff's action without prejudice for lack of prosecution and for failure to comply with this Court's orders.  See Fed. R. Civ. P. 41(b); see also Yourish, 191

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-3903 PA (KES) | Date | August 22, 2022 |
|---|---|---|---|
| Title | Quincy Jackson v. R.C. Johnson, et al. | | |

F.3d at 986–88; Ferdik, 963 F.2d at 1260.  The Court will issue a Judgment consistent with this Order.

   IT IS SO ORDERED.